UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

RAMON J. HERNANDEZ,

                Petitioner,

                - against -

MARY ANN GANTNER, New York District Director,
U.S. Citizenship & Immigration Services

                Respondent.

REPORT AND RECOMMENDATION

04 Civ. 7142 (JSR) (RLE)

---------------------------------------------------------------

**To the HONORABLE JED S. RAKOFF, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* petitioner, Ramon J. Hernandez ("Hernandez"), seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his order of removal from the United States. Petition for a Writ of Habeas Corpus ("Pet.") at 1-2. Hernandez is a citizen of the Dominican Republic and was admitted to the United States as a lawful permanent resident in 1970. Pet. at 1. The Immigration and Naturalization Service ("INS"), now the Bureau of Immigration and Customs Enforcement ("BICE"), initiated removal proceedings against Hernandez in 1996 based on a 1985 conviction for criminal possession of a weapon in the third degree under New York Penal Law ("NYPL") § 265.02. Respondent's Opposition to Hernandez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Resp. Opp.") at 1. Hernandez was charged with deportability under 8 U.S.C. § 1227(a)(2)(C) (Supp. II 1996). Declaration of David S. Rubenstein, Assistant United States Attorney ("Rubenstein Decl."), Exh. E. Hernandez applied for suspension of deportation and voluntary departure as forms of relief. Resp. Opp. at 1.

On, March 26, 1999, an Immigration Judge ("IJ") denied Hernandez's applications for

relief and ordered him deported, Rubenstein Decl., Exh. I, a decision which Hernandez appealed to the Bureau of Immigration Appeals ("BIA"). **Id**., Exh. J. On January 29, 2003, the BIA adopted and affirmed the IJ's ruling, making Hernandez's deportation order final. **Id**., Exh. K. Hernandez then filed a motion to reopen and reconsider with the BIA, **id**., Exh. L, which was denied on June 27, 2003. **Id**., Exh. M. After his wife became a citizen, Hernandez filed another motion, which the BIA construed as a second motion to reopen and reconsider and denied on December 16, 2003. **Id**., Exh. Q. Hernandez then filed the instant habeas petition.

## II. DISCUSSION

On May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231 ("REAL ID Act"). The Act removes jurisdiction from the federal district courts of pending habeas petitions challenging final administrative orders of deportation or removal. REAL ID Act § 106. Such cases are to be transferred as a petition for review to the court of appeals for the circuit in which a petition for review could have been properly filed, that is, "the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C.A. § 1252(b)(2). In Hernandez's case, the Second Circuit Court of Appeals is the appropriate venue because his case was overseen by an Immigration Judge in New York. Rubenstein Decl., Exh. I. Hernandez's petition should be transferred to the Second Circuit Court of Appeals, and his deportation stayed pending further order from that court. *See* **Martinez v. Ashcroft**, 2005 WL 1765713, at *1 (S.D.N.Y. July 25, 2005); **Campos-Javier v. Ashcroft**, 2005 WL 1330922, at *1 (S.D.N.Y. June 6, 2005). After the REAL ID Act, the district courts retain jurisdiction of habeas petitions to the extent a petition challenges the government's custody of the petitioner. Hernandez is not in custody and therefore no aspect of his petition remains within this Court's

2

jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Hernandez's habeas petition should be **TRANSFERRED** to the Second Circuit Court of Appeals and any deportation **STAYED** pending further order from that Circuit.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Sec'y of Health and Human Servs.**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: January 9, 2006**
**New York, New York**

                                                      **Respectfully Submitted,**

                                                      *[signature]*

                                                    **The Honorable Ronald L. Ellis**
                                                   **United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**

Petitioner, *pro se*
Ramon J. Hernandez
244 Henley Avenue
New Milford, NJ 07646

Counsel for Respondent
David S. Rubenstein
Assistant United States Attorney
86 Chambers St., 3rd Floor
New York, NY 10007
Fax: 212-637-2786